73-08/PJG
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

RECEIVED
MAR 11 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
NARRAGANSETT BULK CARRIERS LTD.,

Plaintiff,

-against-

CINGLER SHIPPING PTE. LTE. a/k/a
CINGLER SHIPPING PTE., SINGAPORE,

Defendant.
---------------------------------------------------------x

**08 Civ. 1723 (LLS)**

**AMENDED VERIFIED COMPLAINT**

Plaintiff NARRAGANSETT BULK CARRIERS LTD. (hereinafter "NARRAGANSETT"), for its Amended Verified Complaint against Defendant CINGLER SHIPPING PTE. LTE. a/k/a CINGLER SHIPPING PTE., SINGAPORE (hereinafter "CINGLER"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff NARRAGANSETT was and still is a business entity duly organized and existing under the laws of a foreign country with an address in care of its agent, Phoenix Bulk Carriers (US) Corp., at 88 Valley Road, Middletown, Rhode Island 02842.

3. At all times relevant hereto, Defendant CINGLER was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in care of its agent Trimurti Exports, 1B/2 JB Appartment, Aquem Alto Margao, Goa, India.

4. Defendant CINGLER utilizes other entities as paying or funding agents for purposes of receiving, holding and/or transferring funds, including but not limited to Trimurti Exports, which entity is used to hold, transfer, receive and/or is in possession of assets of Defendant CINGLER.

5. On or about November 2, 2007, Plaintiff, in the capacity as owner of the M/V CENK KAPTANOGLU, entered into a maritime contract of charter party with Defendant CINGLER, as charterer, for the carriage of iron ore. A copy of the pro forma charter party and additional clauses are annexed as Exhibit A.

6. Plaintiff duly tendered the vessel into service under the charter, the voyage was performed and demurrage earned.

7. Plaintiff submitted an invoice for the balance of freight and demurrage due under the charter party in the amount of $389,742.10. A true and correct copy of the demurrage invoice is attached hereto as Exhibit B.

8. In breach of the terms of the charter party, and despite due demand CINGLER has refused and/or otherwise failed to pay the amounts due and outstanding under the charter party, and a balance of $389,742.10 remains due and owing.

9. The charter party provides for the application of English law and disputes between the parties may be resolved by arbitration in London, and NARRAGANSETT specifically reserves its right to arbitrate the substantive matters at issue.

10. This action is brought to obtain jurisdiction over CINGLER and to obtain security in favor of Plaintiff NARRAGANSETT in respect to its claims against CINGLER and in aid of London arbitration proceedings, which have been commenced by NARRAGANSETT.

11. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of Plaintiff's claim.

12. This action is further brought to obtain security for any additional sums to cover Plaintiff's anticipated attorney and arbitrators' fees and costs in the London arbitration and interest, all of which are recoverable as part of Plaintiff's claim under English law.

13. Plaintiff estimates, as nearly as can be computed, that the legal expenses and costs of prosecuting the claim in London arbitration will be $145,000 and interest on its damages are estimated to be $68,205.00 (calculated at the rate of 7% for a period of 2.5 years, the estimated time for completion of the proceedings in London).

**Request for Rule B Relief**

14. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant (collectively

hereinafter, "ASSETS"), including but not limited to ASSETS in its name or for its benefit, including those in the name of its paying or funding agent Trimurti Exports, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15. The total amount to be attached pursuant to the calculations set forth above is $602,947.10.

WHEREFORE, Plaintiff NARRAGANSETT SHIPPING CORP. prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b. That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including $602,947.10 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its name or as may be held, received or transferred for its benefit, including those in the name of its paying or funding agent Trimurti Exports, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c. That this Court enter an order directing and compelling the Defendant to appear and defend in the arbitration;

d. That this Court retain jurisdiction over the matter for any subsequent enforcement action as may be necessary; and

e. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
March 11, 2008

FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
NARRAGANSETT BULK CARRIERS LTD.

By: ______________________
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street
New York, NY 10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York )<br>
) ss.:<br>
County of New York )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

Peter J. Gutowski

Sworn to before me this<br>
11 day of March 2008

Notary Public

CLARE HENRY<br>
Notary Public, State of New York<br>
No. 01HE4831498<br>
Qualified in Kings County<br>
Certificate in New York County<br>
Commission Expires October 31, 2009

| | |
|---|---|
| 1. Shipbroker<br>SAMSARA SHIPPING PVT LTD,<br>NEW DELHI, INDIA<br>TEL. +91-11-29219096 / +91-9818474274<br>FAX: +91-11-40537643<br>EMAIL: shipbroking@samsarashipping.com | RECOMMENDED<br>THE BALTIC AND INTERNATIONAL MARITIME COUNCIL<br>UNIFORM GENERAL CHARTER (AS REVISED 1922, 1976 and 1994)<br>(To be used for trades for which no specially approved form is in force)<br>CODE NAME: "GENCON" Part I<br>2. Place and date of Charter Party<br>NEW DELHI , 2ND NOVEMBER' 2007 |
| 3. Owners / Place of business (Cl.1)<br>NARRAGANSETT BULK CARRIERS LTD<br>RHODE ISLAND, USA | 4. Charterers/Place of business (Cl.1) – LEGAL ADDRESS<br>CINGLER SHIPPING PTE LTD., SINGAPORE<br>C/O TRIMURTI EXPORTS, GOA, INDIA |
| 5. Vessel's name and Flag –<br>MV " CENK KAPTANOGLU " - TURKISH FLAG<br>BRIEF DESCRIPTION ATTACHED | 6. GT/NT (Cl.1)<br>22,378 / 12,498 |
| 7. DWT all told on summer load line in metric tons (abt.) (Cl. 1)<br>36,788 MTONS ON 11.421 M SWAD | 8. Present position (Cl. 1)<br>TRADING |
| 9. Expected ready to load (abt.) (Cl.1)<br>05TH NOVEMBER' 2007 (LAYCAN: 5/10TH NOVEMBER' 2007) | |
| 10. Loading port or place (Cl.1)<br>1 SAFE PORT, 1-2 SAFE BERTH(S) / SAFE ANCHORAGE (S) WEST OF BREAKWATER – PANJIM – MOORING DOLPHINS, MARMUGAO – CHARTERERS' OPTION RELEREN.<br>OWNERS / VESSEL TO PROVIDE GEARS WITH SUFFICIENT POWER TO LOAD CARGO WITH GRABS.<br>ARRANGEMENT OF GRABS TO BE ON CHARTERERS ACCOUNT<br>VESSEL IS ABLE TO SUPPLY ELECTRIC CURRENT OF 440 VOLTS 3 PHASE 60 CYCLES AND 40 KVA | 11. Discharging port or place (Cl. 4)<br>1 SAFE PORT , 1 SAFE BERTH MAIN SEA PORT CHINA EXCLUDING YANGTZE RIVER PORTS<br>CHARTERERS TO DECLARE EXACT DISCHARGING PORT PRIOR PASSING SINGAPORE |
| 12. Cargo (also state quantity and margin in Owner's option, if agreed; if full and complete cargo not agreed state "part cargo") (Cl. 1)<br>35,000 MTONS 10PCT MOLOO IRON ORE IN BULK.<br>OWNERS/MASTER TO DECLARE LOADABLE QUANTITY LATEST ONE DAY PRIOR ETA LOADING PORT. | |
| 13. Freight rate (also state whether freight prepaid or payable on delivery) (Cl. 4)<br>USD 45.50 PMT 1/1 FIOS BASIS NORTH CHINA OVER QINGDAO.<br>USD 43.00 PMT 1/1 FIOS BASIS ABOVE SHANGHAI – UPTO/INCLU QINGDAO<br>USD 41.75 PMT 1/1 FIOS BASIS BELOW SHANGHAI<br>YANGTZE RIVER PORTS ARE SPECIFICALLY EXCLUDED FOR DISCHARGE | 14. Freight payment (state currency and method of payment; also beneficiary and bank account) (Cl. 4)<br>SEE RIDER CLAUSE |
| 15. State if vessel's cargo handling gear shall not be used (Cl.5) | 16. Laytime (if separate laytime for load. and disch. is agreed, fill in a) and b). If total laytime for load. and disch., fill in c) only) (Cl. 6) |
| 17. Shippers/Place of business (Cl.6)<br>TRIMURTI EXPORTS, GOA | (a) Laytime for loading<br>8,000 MT PWWD SHINC - BIMCO HOLIDAYS TO BE EXCLUDED<br>12 HOURS TT USC AT LOADPORT |
| 18. Agents (loading) (Cl.6)<br>CHARTERERS AGENTS (SAMSARA SHIPPING),<br>OWNERS PAYING CUSTOMARY AGENCY FEE | (b) Laytime for discharging<br>15,000 MT PWWD SHINC - BIMCO HOLIDAYS TO BE EXCLUDED<br>12 HOURS TT USC AT DISCHARGE PORT |
| 19. Agents (discharging) (Cl.6)<br>CHARTERERS AGENTS (TO BE ADVISED),<br>OWNERS PAYING CUSTOMARY AGENCY FEE | c) Total laytime for loading and discharging<br>N.A. |
| 20. Demurrage rate and manner payable (loading and discharging) (Cl. 7)<br>USD 38,000 PDPR / HD WTS BENDS<br>LAYTIME NON-REVERSIBLE<br>SEE RIDER CLAUSE | 21. Cancelling date (Cl. 9)<br>10TH NOVEMBER' 2007<br>22. General Average to be adjusted at (Cl. 12)<br>LONDON |
| 23. Freight Tax (state if for the Owner's account (Cl. 13(c))<br>SEE RIDER CLAUSE | 24. Brokerage Commission and to whom payable (Cl. 15)<br>TOTAL 5PC INCL. 1.25PC TO SAMSARA SHIPPING PVT. LTD + 1.25PC TO INDOSINO SHIPPING + 1.25PC TO ASH-LEE MARITIME INC MONTREAL |
| 25. Law and Arbitration (state 19(a), 19(b) or 19(c) of Cl. 19; if 19(c) agreed also state Place of Arbitration) (if not filled in 19(a) shall apply) (Cl. 19)<br>State maximum amount for small claims/shortened arbitration (Cl. 19) :<br>ARBITRATION, IF ANY, TO BE IN LONDON AND ENGLISH LAW TO APPLY | 26. Additional clauses covering special provisions, if agreed<br>RIDER CLAUSES 20 TO 34 BOTH INCLUDED, ARE FULLY INCORPORATED IN THIS CHARTER PARTY AND FORM PART OF IT |

It is mutually agreed that this Contract shall be performed subject to the conditions contained in this Charter Party which shall include Part I as well as Part II. In the event of a conflict of conditions, the provisions of Part I shall prevail over those of Part II to the extent of such conflict.

| Signature (Owners) | Signature (Charterers) |
|---|---|
| [signature] | |

NARRAGANSETT BULK CARRIERS (US) CORP. - RHODE ISLAND, USA

CINGLER SHIPPING PTE LTD
SINGAPORE

EXHIBIT
A
tabbies

PART II
"GENCON" CHARTER (AS REVISED 1922, 1976 AND 1994)

1. It is agreed between the party mentioned in Box 3 as the Owners of the Vessel [illegible]

2. Owners' Responsibility Clause

[illegible]

3. Deviation Clause

[illegible]

4. Payment of Freight SEE RIDER CLAUSE

[illegible]

5. Loading/Discharging

(a) Costs/Risks

[illegible]

(b) Cargo Handling Gear

[illegible]

(c) Stevedore Damage SEE RIDER CLAUSE

[illegible]

6. Laytime SEE RIDER CLAUSE

[illegible]

7. Demurrage

[illegible]

8. Lien Clause

[illegible]

9. Cancelling Clause

[illegible]

10. Bills of Lading

[illegible]

11. Both-to-Blame Collision Clause

[illegible]

12. General Average and New Jason Clause

[illegible]

13. Taxes and Dues Clause

[illegible]

NARRAGANSETT BULK CARRIERS (US) CORP. - RHODE ISLAND, USA



PART II
"GENCON" CHARTER (AS REVISED 1922, 1976 AND 1994)

[illegible] Agency [illegible] CHARTERERS' AGENTS BOTH ENDS

[illegible]

15. Brokerage

[illegible]

16. General Strike Clause

[illegible]

17. War Risks ("Voywar 1993")

[illegible]

[illegible]

18. General Ice Clause

Port of loading

[illegible]

Port of discharge

[illegible]

19. Law and Arbitration

This Charter Party shall be governed by and construed in accordance with English law and any dispute arising out of this Charter Party shall be referred to arbitration in London in accordance with the Arbitration Acts [illegible] [illegible]

NARRAGANSETT BULK CARRIERS (US) CORP. RHODE ISLAND USA



**RIDER CLAUSES MV " CENK KAPTANOGLU " C/P DATED 02/NOV/2007 – A/C CINGLER SHIPPING**

20.
ALL NEGOTIATIONS/EVENTUAL FIXTURE TO BE KEPT STRICTLY PRIVATE AND CONFIDENTIAL

21.
MASTER/OWNERS TO GIVE NOTICES AT LOADING PORT IMMEDIATELY UPON FIXING ADVISING EXACT QUANTITY REQUIRED FOR LOADING, FOLLOWED BY 2/1 DAYS ETA NOTICE TO LOADING PORT AND 10/7/5/3/2/1 DAYS ETA NOTICE TO DISCHARGING PORT TO AGENTS AT LOADING/DISCHARGING PORT AS WELL AS TO THE CHARTERERS' BROKERS.

22.
AT LOADING PORT WHEN TENDERING NOTICE OF READINESS THE VESSEL'S HOLDS/HATCHES SHALL BE WASHED, SWEPT, CLEAN, READY AND SUITABLE TO RECEIVE THE INTENDED/ AGREED CARGO AND DRY WITHOUT LOOSE RUSTSCALE AS WELL AS FREE OF ANY RESIDUES OF PREVIOUS CARGO(ES), TO THE SATISFACTION OF AN INDEPENDENT SURVEYOR BEFORE LOADING OPERATION COMMENCES.

IF VESSEL IS FOUND NOT IN ALL RESPECTS READY TO LOAD AS PER ABOVE WORDING, ALL TIME LOST AS FROM THE MOMENT OF HOLDS REJECTION UNTIL HOLDS HAVE BEEN REINSPECTED AND FOUND READY IN ALL RESPECTS NOT TO COUNT AS LAYTIME. SHOULD SOME OF THE HOLDS BE ACCEPTED, AND LOADING COMMENCES, LAYTIME TO COUNT PRORATA TO THE NUMBER OF HOLDS ACCEPTED.

23.
NOTICE OF READINESS TO BE TENDERED ATDNSSHINC BOTH ENDS.

24.
FREIGHT PAYMENT:
100 PERCENT FREIGHT LESS COMMISSION TO BE PAID WITHIN FIVE (5) BANKING DAYS AFTER COMPLETION OF LOADING AND SIGNING/RELEASING BILLS OF LADING MARKED 'FREIGHT PAYABLE AS PER CHARTER PARTY DATED 07/SEPT/2007 AND ON RECEIPT OF OWNERS' FREIGHT INVOICE (BY FAX OR BY E-MAIL).

IN CASE CHARTERERS REQUIRE "FREIGHT PREPAID" BILLS OF LADING, OWNERS TO ALLOW ISSUANCE OF SAME ON CHARTERERS PRESENTING BANK SLIP FOR THE REMITTANCE OF 100% FREIGHT AND RECEIPT OF 100% FREIGHT ON OWNERS BANK ACCOUNT.

FULL FREIGHT DEEMED EARNED UPON SHIPMENT DISCOUNTLESS AND NON-RETURNABLE, VESSEL AND/OR CARGO LOST OR NOT LOST.

25.
DEMURRAGE/DESPATCH, TO BE SETTLED BY OWNERS/CHARTERERS WITHIN 30 DAYS AFTER COMPLETION OF DISCHARGING AGAINST PRESENTATION OF FULL DOCUMENTS (CHARTERERS/ OWNERS' LAYTIME CALCULATIONS ALONG WITH SUPPORTING DOCUMENTS NOR, SOF, TIME SHEET AND FINAL FREIGHT STATEMENT) EVEN BY FAX.

26.
OWNERS TO SATISFY THEMSELVES ABOUT THE LOAD/DISCHARGE PORTS RESTRICTIONS, BUT CHARTERERS NOT TO NOMINATE A DISPORT THAT CANNOT ACCEPT A SHIP OF THIS TYPE AND SIZE

CONT.../2/...

NARRAGANSETT BULK CARRIERS
(US) CORP. - RHODE ISLAND, USA

CINGLER SHIPPING

RIDER CLAUSES MV " CENK KAPTANOGLU " C/P DATED 02/NOV/2007 – A/C CINGLER SHIPPING

27.
ANY TAXES / DUES ON VESSEL & ON FREIGHT INCLUDING INDIAN INCOME TAX ON FREIGHT TO BE ON OWNERS ACCOUNT.

ANY DUES/TAXES ON CARGO TO BE FOR CHARTERERS ACCOUNT.

28.
BILL(S) OF LADING SWITCHING SHALL NOT BE ALLOWED UNDER THIS C/P.

29.
IN CASE ORIGINAL B/L NOT RECEIVED BY RECEIVERS ON OR BEFORE ARRIVAL OF VESSEL AT DISPORT, OWNERS / MASTER AGREE TO DISCHARGE THE CARGO AGAINST FAX COPY OF CHARTERER'S LOI AS PER OWNERS STANDARD P& I CLUB WORDINGS DULY STAMPED AND SIGNED BY CHARTERERS AUTHORISED SIGNATORY.

30.
VESSEL TO HOLD ALL VALID CERTIFICATE INCL CLASSIFICATION AND OTHER CERTIFICATES AS TO SEA WORTHINESS OF THE CARRIER. OWNERS GUARANTEE TO MAINTAIN FULL P&I COVER FOR THE DURATION OF THIS CHARTER PARTY.

31.
ANY TIME LOST DUE TO BREAKDOWN OF DERRICKS/CRANES NOT TO COUNT PRO RATA.

32.
OWNERS TO DECLARE THE EXACT QUANTITY TO BE LOADED AT THE TIME OF GIVING DEFINITE NOTICE AND TO MAINTAIN THE SAME WITH CHARTERERS' OPTION TO SHIP UPTO 0,5% LESS FROM THE DECLARED QUANTITY WITH NO DEADFREIGHT PAYABLE ON SUCH SHORT SHIPMENT. OWNERS CAN ACCEPT PROVIDED OWNERS WILL NOT BE RESPONSIBLE FOR ANY SHORTAGE CLAIMS AT DISCHARGE DUE TO SHORT LOADING.

33.
STEVEDORES ALTHOUGH APPOINTED BY THE CHARTERERS, SHIPPERS, RECEIVERS OR THEIR AGENTS ARE UNDER THE DIRECTION AND CONTROL OF THE MASTER. ANY CLAIM FOR THE DAMAGE TO THE VESSEL OCCURING DURING LOADING AND DISCHARGING OR AT ANY TIME DURING THE VOYAGE THROUGH IMPROPER OR NEGLIGENT STOWAGE OF THE CARGO TO BE SETTLED DIRECTLY BETWEEN OWNERS AND STEVEDORES BUT IF OWNERS / MASTER ARE NOT ABLE TO SETTLE THEIR CLAIM WITH STEVEDORES IN DUE CASE, CHARTERERS TO ASSIST OWNERS IN AMICABLE SETTLEMENT.

34.
VESSEL DESCRIPTION:
M/V CENK KAPTANOGLU
TURKISH FLAG, 1983 BLT, SDSTBC, DWT 36,788.10 MT ON 11.021 M SWAD
GRT/NRT 22,378/12,498, LOA/BEAM/M.DEPTH 186.30/28.40/15.60 M GR/BL
1659522/1576532 CBFT, 4X25 TS SWL CRANES, FOLDING MC.GREGOR HYDR HCVRS.
L.R.CLASS,PANDI CLUB U.K. MUTUAL (BERMUDA) LTD.
HEAD OWNER : ILERI DENIZCILIK VE TIC. A.S. - ISTANBUL

CONT.../3/...

NARRAGANSETT BULK CARRIERS
(US) CORP. - RHODE ISLAND, USA

CINGLER SHIPPING SINGAPORE

*PAGE /3/*

**RIDER CLAUSES MV " CENK KAPTANOGLU " C/P DATED 02/NOV/2007 – A/C CINGLER SHIPPING**

CUBIC BREAKDOWN :
GRAIN(CBM) / BALE(CBM)
HO.1 8,230.3 7,818.8
HO.2 9,777.1 9,288.2
HO.3 9,782.1 9,293.0
HO.4 9,781.4 9,392,2
HO.5 9,421.3 8,950,2

TTL 46,993.2 / 44,642.4 CBM

TPC : 48 MT

TANK TOP STRENGTHS: 17.88 MT/M2

| TANK TOP DIMS: | HATCH DIMS : |
|---|---|
| HO.1 F 4.80XA20.00XL25.40 | HA.1 19.00X14.40 M |
| HO.2 F20.00XA20.80XL24.60 | HA.2 19.00X14.40 M |
| HO.3 F20.80XA20.80XL24.60 | HA.3 19.00X14.40 M |
| HO.4 F20.80XA20.80XL24.60 | HA.4 19.00X14.40 M |
| HO.5 F20.80XA12.20XL26.10 | HA.5 16.00X14.40 M |

HOLD DIMS

| | FWD | CENTER | AFT | LENGTH |
|---|---|---|---|---|
| NO1 | 5.60M | 16.00 M | 20.60M | 26.60M |
| NO2 | 20.80M | | 20.80M | 25.60M |
| NO3 | 20.80M | | 20.80M | 26.20M |
| NO4 | 20.80M | | 20.80M | 26.20M |
| NO5 | 20.80M | 17.80M | 12.00M | 27.00M |

-All Details 'about'-

= OWNER CONFIRM VSL HAVING CRANES AND SUITABLE TO LOAD CARGO WITH GRABS.

= LAST 3 PORT CALLED : MUMBAI – HBI, COTONOU – BGD RICE, DURBAN – WHEAT

= OWNERS WILL REVERT VSL'S CERTIFICATE IMMDTLY ON FIXING SMC/ ISC/ CLASS/ PNI CLUB/H+M UNDERWRITERS/GEARS.

********************

***OWNERS*** ***CHARTERERS***

NARRAGANSETT BULK CARRIERS
(US) CORP. - RHODE ISLAND, USA

CINGLER SHIPPING PTE LTD. SINGAPORE

# ALLSEAS LOGISTICS LTD.

Palm Grove House, Road Town, Tortola, British Virgin Islands

***Cingler Shipping Singapore***
***c/o Trimurti Exports***
c/o ASH-LEE MARITIME INC., MONTREAL

Attn: Sahelb Singh Dewan

***FINAL FREIGHT INVOICE***

**Date:** 19-Dec-07 **Invoice No.:** 2007-F-00146A

**Vessel:** ***M/V "CENK KAPTANOGLU" VOY 06***

**C/P Date:** 2-Nov-07

**Loadport(s):** Goa, India

**Disport:** Xingang, China **Cargo:** Iron Ore

**Freight Rate:** $45.50 /MT Quantity Loaded: 35,400.000 Mts

**Payment Terms:** "Balance payable within 30 days after completion of discharge."

| | | | |
|---|---|---|---|
| Gross Freight Due: | | US | $1,610,700.00 |
| Less Address Commission: | 3.75% | US | ($60,401.25) |
| Less Remittance Rcvd: | | US | ($1,550,298.75) |
| Demurrage - Mormugao | | US | $367,913.72 |
| Demurrage - Xingang | | US | $37,013.14 |
| Less Address Commission: | 3.75% | US | ($15,184.76) |
| ***Net Due Owners:*** | | ***US*** | ***$389,742.10*** |
| | | | *E + OE* |

**Date Due:** ***14-Jan-07***

***All rights reserved to amend this account if the need arises.***
Phoenix Bulk Carriers (US) Corp.
(as agents only)

***Frt Payable Via Telegraphic Transfer To:***
HSBC Bank USA - 425 Fifth Ave. New York, USA
SWIFT Code: MRMDUS33
Fedwire ABA: 021001088
CHIPA ABA: 0108
**For further Credit to:** The Bank of Bermuda Ltd., Hamilton, Bermuda
CHIPS UID: 005584 / S.W.I.F.T. CODE: BBDA BMHM
ACCT NO.: USD A/C 010-097574-501
ACCT BENEFICIARY: ALLSEAS LOGISTICS
***Ref: M/V "CENK KAPTANOGLU" VOY 06, C/P Dtd.2 November 2007 Final Freight Inv. No. 2007-F-00146A***

Deborah L. Paterson
President/ Director

EXHIBIT
B